On the Merits.
Bermudez, C. J.
The question to be decided in this case relates to the liability of a garnishee, answering interrogatories, under an attachment process.
The plaintiffs seek to hold the London, Liverpool & Globe Insurance Company responsible for the judgment rendered against the defendant, on the face of the answer made by it,- and which is to the effect, that: “ the defendant was insured in said Company for $5,000, on stock of goods; that he was burnt out, but as loss has not been adjusted, Respondent is unable to say what will be found due him. Defendants’ interest in aforesaid policy was seized,” etc.
The rule taken was filed more than two months after the answers of the garnishee had been part of record in the attachment proceedings.
It does not appear that any issue was joined on the rule, or that any evidence was introduced on the trial. There was judgment ordering the garnishee to liquidate the amount of the loss and deposit the same with the sheriff, within ten days, or in default, that it be condemned to pay the amount of plaintiffs’ judgment.
From this judgment the garnishee appealed.
It is clear that by its answer, the garnishee did not admit owing the defendant any specific sum of money. Had it done so, and had the plaintiffs been satisfied with the answer, their remedy would have simply been to obtain an order directing the payment of the money into the hands of the sheriff, who would have receipted therefor.
The garnishee merely admitted that the defendant might have a claim against it, but that it had not been adjusted, as yet.
As the attaching plaintiff can acquire no other or greater rights against the garnishee than the defendant, it follows that, though the garnishee be indebted to the defendant, yet if there be anything to be *592 done, as a condition precedent, to his recovering his debt in an action against the garnishee, the plaintiff cannot obtain judgment, against the garnishee without performing the condition. It is not enough to charge the garnishee that he owes something to the defendant. The amount owing must be shown. Drake on Attachments, Sec. 553. '
The record does not establish that the judgment creditor lias proved any of the facts which it would have been incumbent on the insured to have alleged and proved, previous to a recovery. There is not even an allegation of liability, for any. specific amount, on the part of the Company to the insured. Even if the answer of the garnishee, apparently adopted by the rule, could be considered as part of it, the amount of the loss sustained, and therefore due to the insured, not having been admitted by the Company, no order to liquidate, no money judgment could have been rendered against it, as was done. It may still well be, that in a proper proceeding to hold it liable under the policy, the Company may have some valid, exonerating defense to set up, which it was not hound to interpose on the rule in this ease.
In the absence of any issue joined and of evidence introduced, the defense must he considered as having been one of no cause of action. This view of the case dispenses us from determining whether or not the rule was seasonably taken. Act 27, E. S. 1877; 5 R. 447; 16 A. 253; 31 A. 548.
Whatever may be the rights of the judgment creditors under the garnishment proceeding, the same remain unimpaired, in the condition in which they stood at the date of the seizure.
It is, therefore, ordered and decreed, that the judgment appealed from he reversed, and that the rule therein rendered be dismissed, with costs, in both Courts.